# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SATICOY BAY LLC SERIES 4641 VIAREGGIO CT,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPERATION *et al.*,<br><br>Defendants. | Case No. 2:23-cv-00154-RFB-BNW<br><br>**ORDER** |

Before the Court is Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac")'s Motion to Dismiss the Complaint (ECF No. 5). For the reasons stated below, the motion is granted.

**I.  PROCEEDINGAL HISTORY**

On January 27, 2023, this case was removed from the Nevada Eighth Judicial Circuit Court. ECF No. 1. On February 3, 2023, Defendant Freddie Mac filed the instant Motion to Dismiss. ECF No. 5. Plaintiff Saticoy Bay LLC Series 4641 ("Saticoy") Replied on February 17, 2023. ECF No. 9. Freddie Mac responded on February 24. ECF No. 10.

**II.  FACTUAL ALLEGATIONS**

This matter concerns a property located at 4641 Viareggio Court, Las Vegas, NV 89147 A.P.N. 163-19-311-015 ("the Property"). On January 25, 2007, a deed of trust ("DOT") encumbering the Property was recorded, memorializing an obligation between borrower Monique Guillory and loaner First Magnus Financial Corporation.

On December 23, 2010, a Notice of Breach and Default ("first NOD") related to the DOT was recorded. On February 11, 2011, Freddie Mac's predecessor in interest, Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the DOT to Aurora Loan Services LLC ("Aurora"), which was recorded in a Corporate Assignment Deed of Trust. The next year, on February 1, 2012, a Notice of Trustee's Sale was recorded. On August 30, 2012, MERS and Aurora each assigned the DOT to Nationstar Mortgage LLC ("Nationstar"), which was recorded.

During approximately the same period, Guillory failed to make payments for assessments to the Naples Community Homeowners Association ("HOA") and their agents recorded a Notice of Delinquent Assessment Lien on August 18, 2011. Subsequently, the HOA's agents filed a Notice of Default and Election to Sell Real Property to Satisfy Notice of Delinquent Assessment Lien. With Notice filed on July 30, 2012, a non-judicial foreclosure sale was carried out on October 18, 2012, for $3,647.16 due. Saticoy was the highest bidder at $5,500.00.

In a separate lawsuit between Saticoy and Nationstar, the Nevada Eighth Judicial District Court for Clark County granted summary judgment for Nationstar on January 4, 2021, and holding that the DOT was not extinguished by the HOA foreclosure sale.

On July 27, 2022, more than a decade after the first NOD, Quality Loan Service Corp. ("QLS") recorded a Notice of Rescission of Notice of Breach and Default rescinding the first NOD. On August 19, 2022, QLS recorded a Notice of Breach and Default ("second NOD") related to the DOT. On November 21, 2022, QLS filed a Notice of Sale setting a sale for the property on December 16, 2022.

On November 28, 2022, Nationstar assigned the DOT to Freddie Mac, which was recorded. On December 5, 2022, Saticoy filed a complaint in the Nevada Eighth Judicial Circuit Court.

### III. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and

are construed in the light most favorable to the non-moving party." <u>Faulkner v. ADT Sec. Services, Inc.</u>, 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." <u>Id.</u> at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in <u>Twombly</u> and <u>Iqbal</u>, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

### IV.    DISCUSSION

Plaintiff Saticoy brings claims against Freddie Mac for (1) quiet title, slander of title, and fraud and (2) declaratory relief regarding excess proceeds from the HOA sale. The Court addresses the claims in turn.

#### A. Nevada's Ancient Lien Statute

Each of Plaintiff Saticoy's claims for quiet title, slander of title, and fraud each require proving that Freddie Mac lacked valid title to bring the foreclosure sale. Compl., ECF No. 1-1, at ¶¶ 53-54, 62, 68-69, 71, 76-78; see also <u>Chapman v. Deutsche Bank Nat'l Trust Co.</u>, 129 Nev. 314, 318-19 (2013) (requiring each party to plead ownership in a quiet title claim); <u>Executive Management Ltd. v. Ticor Title Ins. Co.</u>, 114 Nev. 823, 842 (1998) (requiring a false communication for a foreclosure sale in a slander of title claim); <u>A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.</u>, 120 Nev. 277 (2004) (requiring a false representation for claims of fraud).

In full, Nevada Revised Statute 106.240, the "ancient lien" statute, provides:

The lien heretofore or hereafter created of any mortgage or deed of trust upon any

> real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

NRS § 106.240. Simply put, the statute "provides a means by which liens on real property are automatically cleared from the public records after a certain period of time." SFR Invs. Pool 1, LLC v. U.S. Bank N.A., 507 P.3d 194, 195 (Nev. 2022). That period is ten years from when the unpaid debt secured by the lien has become "wholly due." Id.; see also Pro-Max Corp. v. Feenstra, 117 Nev. 90, 94 (2001) (holding notes and deeds of trust discharged because no recorded extension was made, and ten years had passed since the notes became due).

Saticoy argues that the first NOD accelerated the loan, making it "wholly due" for purposes of the Nevada ancient liens statute. Saticoy further argues that more than ten years from the acceleration date passed without the loan being decelerated and, thus, the ancient liens statute extinguished Freddie Mac's DOT. Defendant Freddie Mac argues that neither the acceleration nor any other event triggered the ancient lien statute.

The Nevada Supreme Court recently settled the matter of "whether a loan secured by real property becomes 'wholly due' for purposes of [the ancient lien statute] when a Notice of Default is recorded as to the secured loan." LV Debt Collect, LLC v. Bank of N.Y. Mellon ("LVDC"), 534 P.3d 693, 2023 Nev. LEXIS 23, at *1 (Nev. August 24, 2023). It does not. Id.

In its published decision in LVDC, a nonparty purchased property with a bank loan and executed a promissory note and a deed of trust. Id. at *2. That deed of trust contained a provision that, in the event of default, the borrower had at least 30 days to cure the default and, failing that, the lender had the beneficiary had the option to accelerate the note. Id. at *2. Following default, the note was accelerated. Id. at *2-3. At the same time, following a default on the homeowner's association dues, the property was sold at a non-judicial foreclosure. Id. at *3. The bank did foreclosure until after ten years from the acceleration of the note. Id. at *4.

Rejecting the argument that the note's acceleration triggered the ancient liens statute, the Nevada Supreme Court reasoned that "In particular . . . NRS 106.240 plainly states that a debt

- 4 -

'become[s] wholly due' only 'according to' either of two things: (1) the 'terms thereof,' referring to the mortgage or deed of trust, or (2) 'any recorded written extension thereof.'" Id. at *8. "Thus, when there is no recorded extension of the due date, the terms of the mortgage or deed of trust dictate when the debt becomes wholly due." Id. The Supreme Court found that, even though the note had an acceleration option, this did not mean that the DOT became "wholly due," since the borrower had time to cure. Id.

First, the Court rejects Saticoy's argument that acceleration of the loan resulted in it becoming "wholly due." The holding in LVDC expressly rejects that approach and is controlling here. 2023 Nev. LEXIS 23. Second, turning to the two forms of relevant documents, Plaintiff has identified no provision, beyond the acceleration provision, that would result in the DOT becoming "wholly due" under its terms. Having reviewed each of the relevant documents furnished by Saticoy in the Compliant, the Court finds that there is no term that would result in the DOT coming "wholly due" under the holding in LVDC. Taken together, the Court finds that, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party," Saticoy has failed to plead sufficient facts to establish a claim for quiet title, slander of title, and fraud. See Faulkner, 706 F.3d at 1019.

**B. Excess Proceeds**

Plaintiff Saticoy's final claim seeks declaratory relief against Freddie Mac and its Co-Defendants Leach Johnson Song & Cruchow and Minique Guillory. Saticoy seeks for the Court to determine the amount and manner of distribution of the "excess proceeds" arising from the HOA foreclosure sale.

There is no dispute that the HOA agent has not distributed the excess proceeds. There is no dispute that Freddie Mac holds the excess proceeds. As such, the Court finds that Saticoy lacks standing to bring this claim against Freddie Mac. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."); see also Knittle v. Progressive Cas. Ins. Co., 112 Nev. 8, 10 (1996) (holding declaratory relief under Nevada Law requires a justiciable controversy, a legally protectable interest, and an issue ripe for determination.).

In order to demonstrate Article III standing, a plaintiff must show: (1) a concrete injury; (2) fairly traceable to the challenged action of the defendant; (3) that is likely to be redressed by a favorable decision. Lujan, 504 U.S. at 560-61. An injury is "fairly traceable" where there is a causal connection between the injury and the defendant's challenged conduct. Id. at 560. Even if Saticoy can establish a likelihood of future injury, the party causing that injury is the HOA agent who has the funds and obligation to disburse them not Freddie Mac. Here, there is no allegation that Freddie Mac took any action that has resulted in or will result in the non-disbursement or incorrect disbursement of funds. Therefore, the Court finds that Plaintiff lacks standing to bring a claim for declaratory relief against Freddie Mac at this time.

### C. Remand to State Court

Federal courts are courts of limited jurisdiction. In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995). A federal court therefore has a *sua sponte* obligation to ensure that it has subject matter jurisdiction. Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1036 (9th Cir. 2013) (citations omitted); see also Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.'). Indeed, "subject matter jurisdiction can never be waived or forfeited" Gonzalez, 565 U.S. at 134.

The basis of removal of this action to state court was 12 U.S.C. § 1452(f), which permits Freddie Mac, as a federally chartered corporation, to remove actions to a federal district court and that "all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States." With the dismissal of Freddie Mac from this suit, § 1452(f) no longer provides subject matter jurisdiction. Since the Court lacks jurisdiction granted by a federal law, there is no federal question jurisdiction. See also 28 U.S.C. § 1331.

In addition, there is no dispute the amount in controversy remaining under the declaratory relief claim is substantially below the federal matter in controversy requirement for diversity jurisdiction and, further, all remaining parties are citizens of Nevada. Therefore, there is no basis for diversity jurisdiction in this action. See 28. U.S.C. § 1332(a).

With no basis remaining for the exercise of jurisdiction, the Court remands the action back

to the Eighth Judicial District Court. See 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

V. **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant Federal Home Loan Mortgage Corporation's Motion to Dismiss (ECF No. 5) is **GRANTED** as to Plaintiff's claims for quiet title, slander of title, and fraud and is **GRANTED** as to Plaintiff's claim for excess proceeds.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **REMAND** this matter to the Eighth Judicial District Court in Clark County, Nevada for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case accordingly.

DATED: September 30, 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**